# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| TERRY L. BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-264 |
| | ) | |
| WARDEN BRIAN | ) | |
| CHAMBERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

The Court previously screened *pro se* prisoner Terry L. Brewer's 42 U.S.C. § 1983 complaint, recommended several defendants and claims be dismissed, and directed service upon several other defendants. *See generally* doc. 9. Prior to service, Brewer filed a Motion for Emergency Injunction. *See* doc. 10. Defendants Pineiro and Brown filed an Answer. Doc. 17. Brewer moved for court-appointed counsel and to amend her complaint. Docs. 19 & 20. Defendant Fletcher moved to dismiss. Doc. 21. Brown and Pineiro have responded in opposition to Brewer's request for counsel. Doc. 24. The other motions stand unopposed. *See* docket; S.D. Ga. L. Civ. R. 7.5. Finally, Defendant Fast has filed a waiver of

personal service, but has not yet filed any responsive pleading. *See* doc. 26.

Brewer's request for court-appointed counsel can be resolved with dispatch. *See* doc. 19. Defendants Pineiro and Brown correctly point out that her motion should be denied. Doc. 24. Brewer has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated."

2

*Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021).  General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel.  *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).  Finally, conclusory allegations[1] of "mental illness" do not require appointment of counsel.  *See, e.g., Kidwell v. Wagoner*, 2011 WL 13175897, at *1 (M.D. Fla. Feb. 11, 2011).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help."  *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).  Brewer has presented "the essential merits of [her] position" to the Court.  There is,

---

[1]  Brewer's Motion indicates that she is receiving assistance from another prisoner. *See* doc. 19 at 2.  Through that prisoner she represents that she has been diagnosed with schizoaffective disorder and "has underwhelming competence in the areas of literacy and comprehension . . . ."  *Id.*  Whatever the author's assessment of Brewer's capacities, it does not diminish her apparent ability, in both the original and Amended Complaints, to cogently present her claims.  *See* doc. 1 & 8; *see also* doc. 7 (correspondence to the Court).

therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Brewer's motion is, therefore, **DENIED**. Doc. 19.

Resolution of Brewer's Motion for Emergency Injunction is also straightforward. She objects to several transfers of her location of incarceration, allegedly "[a]s retaliation for filing and proceeding with this case." Doc. 10 at 1. She alleges that she filed a case alleging unconstitutional conditions at her transferee facility, Johnson State Prison. *Id.* at 2. She alleges that she was transferred again to Central State Prison. *Id.* She seeks "an emergency injunction requiring the Department of Corrections to stop retaliating against [her] by transferring [her] . . . until this case is concluded." *Id.* That Motion currently stands unopposed. *See* S.D. Ga. L. Civ. R. 7.5. Nevertheless, it should be **DENIED**. Doc. 10.

"In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites"; namely (1) a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the

threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks, alterations, and citations omitted). "[G]ranting or denying a . . . preliminary injunction rests within the discretion of the district court." *Hernandez v. Inch*, 2021 WL 5361086, at *1 (N.D. Fla. Oct. 8, 2021) (citing *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (1997)).  Brewer has not satisfied any of those prerequisites.

This Court has denied similar requests for preliminary injunctions seeking "transfer . . . to a 'non-violent' . . . prison[ ]." *See Harris v. Deal*, 2016 WL 7856418, at *1 (S.D. Ga. Dec. 13, 2016).  There, as here, "Plaintiff has not addressed any of the four requirements for obtaining injunctive relief, much less met his burden of persuasion as to those requirements." *Id.*  Moreover, as the Court noted, "federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons." *Id.* at *2 (citing *Prieser v. Rodriguez*, 411 U.S. 475, 491-92 (1973)).  Finally, "it is well settled that [a prisoner] has no constitutional right to confinement in a particular prison . . . ." *Alverson*

*v. Mills*, 2020 WL 1979570, at \*2 (M.D. Ala. Mar. 17, 2020), *adopted* 2020 WL 1975374 (M.D. Ala. Apr. 24, 2020) (denying "motion for preliminary injunction[ ] seeking a transfer to a less violent dorm and to [another prison].") Accordingly, Brewer's Motion should be **DENIED**. Doc. 10.

Brewer has also moved for leave to file a Second Amended Complaint. *See* doc. 20. She seeks to file that pleading "in order to lay down more detailed, factually derived pleadings that rise to and surpass the threshold for review under the PLRA's screening provisions." Doc. 20 at 2. The proposed Second Amended Complaint names as defendants Pineiro, Fletcher, Fast, and Brown, *see* doc. 23 at 1, all of whom have either appeared or waived service, *see* docs. 17, 21 & 26. Like her Amended Complaint, the proposed Second Amended Complaint asserts claims that defendants failed to protect her from attack by other inmates, doc. 23 at 9-10, were deliberately indifferent to her serious medical needs, *id.* at 11, and subjected her to excessive force in retaliation for protected speech, *id.* at 12-13. Those claims are, generally, similar to the claims previously approved for service and served on defendants. *See* doc. 9 at 20. Her request for leave to file the Second Amended Complaint stands

unopposed.  *See* S.D. Ga. L. Civ. R. 7.5.  For the reasons explained below, her Motion is **GRANTED**.  Doc. 20.

Plaintiffs' ability to amend their complaints after an action has commenced is governed by Federal Rule of Civil Procedure 15.  Since Brewer has already amended her Complaint once, *see* doc. 8, she requires the Court's leave or the opposing parties' written consent to amend again. *See* Fed. R. Civ. P. 15(a)(2).  The Rule instructs that "[t]he court should freely give leave when justice so requires."  *Id.*  The Supreme Court has explained that "[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The defendants have not presented, and the Court cannot discern, any reason why Brewer should be denied leave to amend.[2]  Her Motion is, therefore, **GRANTED**.  Doc. 20.  The Second Amended Complaint is, therefore, the operative pleading in this case.[3] Doc. 23.

---

[2]  The Scheduling Notice in this case required that requests to amend the pleadings be filed no later than May 23, 2023.  *See* doc. 18.  There is, therefore, no question that Brewer's request to amend is timely.

[3]  Although, at the time it was filed, the Second Amended Complaint was only proposed, it was filed separately from the Motion on the docket.  *See* docs. 20 & 23. There is, therefore, no need for the Clerk to docket the Second Amended Complaint a second time, now that the Motion to Amend is granted.

Since Defendant Fast has not appeared, he is entitled to service of the Second Amended Complaint. *See* Fed. R. Civ. P. 5(a). Since Brewer is proceeding *in forma pauperis*, she is entitled to service of the Second Amended Complaint by the United States Marshal without prepayment of cost. Fed. R. Civ. P. 5(c)(3). Accordingly, the Second Amended Complaint, doc. 23, and a copy of this Order and Report and Recommendation shall be served by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. Some defendants have a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver might bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). The remaining defendants shall respond to the Second Amended Complaint as required by the Federal Rules. *See, e.g.,* Fed. R. Civ. P. 15(a)(3). *Cf. Matthew v. Yellowstone Cnty.*, 2018 WL1320147, at *4 (D.

Mont. Jan. 26, 2018) (discussing service of *pro se* prisoner's amended pleading).

Finally, the Court must address the effect of the Second Amended Complaint on other pending matters. Because the Second Amended Complaint supersedes the Amended Complaint, Defendant Fletcher's Motion to Dismiss the Amended Complaint is moot. *See, e.g., Auto-Owners Ins. Co. v. Tabby Place Homeowners Association, Inc.*, ___ F. Supp. 3d. ___, 2022 WL 4542114, at *2 n. 4 (S.D. Ga. Sept. 28, 2022) ("An amended complaint that does not incorporate the prior pleading, however, moots the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." (internal quotation marks and citation omitted)). Fletcher's Motion to Dismiss should, therefore, be **DENIED** as moot. Doc. 21. The Court's recommendation that several defendants named in the Amended Complaint be dismissed suffers a similar fate. *See* doc. 9 at 9-10. The Report and Recommendation is, therefore, **VACATED**. Doc. 9, in part. Since the "Georgia Department of Corrections / Office of Health Services" is not named in the Second Amended Complaint, *compare* doc. 8 at 6, *with* doc. 23 at 2, that Defendant should be **DISMISSED**. *See, e.g., Riley*

*v. Georgia Dept. of Corrs.*, 2012 WL 2872636, at \*2 (S.D. Ga. Apr. 17, 2012).

In summary, Brewer's Motion to Appoint Counsel is **DENIED**. Doc. 19.  Her Motion for Leave to Amend is **GRANTED**.  Doc. 20.  The Court's prior Report and Recommendation that Defendant Georgia Department of Corrections / Office of Health Services be dismissed is **VACATED** as moot.[4]  Doc. 9, in part.  Defendant Georgia Department of Corrections / Office of Health Services should be **DISMISSED**. Defendant Fletcher's Motion to Dismiss should be **DENIED** as moot. Doc. 21.  Finally, Plaintiff's Motion for Emergency Injunction should be **DENIED**.  Doc. 9.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

---

[4] To be clear: the recommendations concerning dispositions of particular parties and claims are vacated entirely.  *See, e.g.,* doc. 9 at 19-20.  The remaining directions, *see, e.g.,* doc. 9 at 3, remain unaltered.  The recommended dispositions of the particular claims asserted in the Amended Complaint are not renewed because those claims are not asserted in the Second Amended Complaint.  *Cf. Hoefling v. City of Miami*, 811 F.3d 1271, 1277-78 (11th Cir. 2016) (upon filing of an amended complaint, "the first . . . complaint . . . became a legal nullity.").

on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 1st day of May, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA