## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

TERRY L. BREWER,                )
                                )
    Plaintiff,              )
                                )
v.                              )                CV422-264
                                )
WARDEN AARON                    )
PINEIRO, *et. al.*,             )
                                )
    Defendants.             )

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Terry L. Brewer filed this case alleging that she was mistreated at Coastal State Prison based on her gender identity. *See* doc. 9 at 5-7. Several defendants have appeared and moved to dismiss, *see* docs. 31 & 39. Another, Defendant Fass, misnamed in Plaintiff's pleadings as "Fast," is in default and Plaintiff has moved for default judgment. *See* doc. 41; *see also* doc. 44. Fass has moved to set aside his default and filed his Answer and Motion to Dismiss, pending resolution of his default. *See* doc. 44 (Motion to Set Aside Default); *see also* doc. 45 (Answer), doc. 46 (Motion to Dismiss). Also before the Court is a Motion to Stay filed jointly by Defendants Pineiro and Brown. *See* doc. 40.

Defendants Pineiro, Brown, and Fletcher all appeared in May. *See* docs. 30 & 31. Pineiro and Brown filed an Answer, doc. 30, and Fletcher moved to dismiss, doc. 31. Plaintiff responded in opposition to Fletcher's Motion to Dismiss. Doc. 38. That Motion remains pending. Several weeks after Plaintiff's response to Fletcher's Motion, Defendants Pineiro and Brown moved to dismiss on the grounds that Plaintiff had failed to keep the Court updated on her current address, in violation of this Court's Local Rules. *See generally* doc. 39-1; *see also* S.D. Ga. L. Civ. R. 11.1. Her failure prevented defendants from deposing Plaintiff prior to the August 11, 2023 close of discovery. *See* doc. 39-1; *see also* doc. 18. Brewer responded in opposition to that Motion.[1] *See* doc. 41. In that response, she also sought a default judgment against Fass. *See id.* at 1.

---

[1] Brewer's response appears to be timely, if only just. This Court's Local Rules provide a fourteen-day period to respond to motions. *See* S.D. Ga. L. Civ. R. 7.5. Fourteen days from the date Defendants' Motion was filed was August 16, 2023. Since the Motion was served upon Brewer by the United States Postal Service, *see* doc. 39 at 2, the Federal Rules extend the deadline by three days, *see* Fed. R. Civ. P. 6(d). August 19, 2023, fell on a Saturday, so the deadline was further extended by the Federal Rules until Monday, August 21, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C). Brewer's response is deemed filed on August 18, 2023. *See* doc. 41 at 4; *see also, e.g., Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (noting the date a prisoner signs and dates a filing is the presumptive filing date). Thus, her response in opposition to the Motion was timely filed.

Defendants Pineiro and Brown's Motion provides information that Brewer was released from the custody of Rutledge State Prison, which was her last provided address, on July 25, 2023. *See* doc. 39-1 at 2; *see also* doc. 36 (Notice of Change of Address). However, Brewer provided an updated address at Columbia County Detention Center on August 18, 2023, in her response to the Motion to Dismiss. *See* doc. 41 at 4. It appears, therefore, that Brewer's address was not current for approximately one month. While defendants are correct that a plaintiff's failure to keep the Court apprised of her current address can be grounds for dismissal, *see* doc. 39-1 at 2-3, such dismissals are "only appropriate where there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Abdulla v. Southern Bank*, 2022 WL 1478996, at *4 (S.D. Ga. May 10, 2022) (Hall, C.J.) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)) (quotation marks omitted). While Defendants are, perhaps, correct that dismissal would not be an abuse of discretion, *see* doc. 39-1 at 3, the Court should exercise its discretion and decline to dismiss Plaintiff's case. *Cf. Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Defendants' Motion should, therefore, be **DENIED**. Doc. 39.

Defendants also filed a Motion to Stay based on their inability to timely depose Plaintiff and their consequent inability to prepare a timely Motion for Summary Judgment. *See* doc. 40 at 1-2. Although the Court has recommended that the Motion to Dismiss be denied above, the delay resulting from Plaintiff's failure to keep her address current merits accommodation. *See, e.g.,* Fed. R. Civ. P. 16(b). Moreover, Defendant Fass has now appeared, opposed Plaintiff's Motion for Default Judgment, and moved to set aside his default. *See* doc. 44. Resolution of that Motion, and further expansion of the discovery and motions deadlines to accommodate his participation in this case, if appropriate, warrant further modification of the schedule. To promote the efficient resolution of this case, the Court will **STAY** all deadlines, other than the deadlines to respond to motions, pending the disposition of Defendants Fletcher's Motion to Dismiss, doc. 31, and Fass and Plaintiff's respective default-related motions, docs. 41 & 44. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) (district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."). Upon disposition of those Motions, the Court will enter an amended schedule to permit any

remaining parties to conduct discovery and file motions.  Accordingly, Defendants' Motion to Stay is **DISMISSED** as moot.  Doc. 40.

In summary, Defendants' Pineiro and Brown's Motion to Dismiss should be **DENIED**.  Doc. 39.  All deadlines in this case, other than motions-related deadlines, are **STAYED** pending disposition of Defendant Fletcher's Motion to Dismiss, doc. 31, and Defendant Fass and Plaintiff's default-related motions, docs. 41 & 44.  Upon resolution of those motions, the Court will enter an amended schedule for further proceedings in this case, as appropriate.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 14th day of September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA