UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TERRY L. BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV422-264 |
| | ) |
| WARDEN AARON PINEIRO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Terry L. Brewer filed this case alleging various unconstitutional conditions at Coastal State Prison. *See generally* doc. 23; *see also* doc. 27 at 6-7. The case progressed through discovery and the deadline to file motions expired. *See* doc. 60-1. Defendants moved timely for summary judgment. Doc. 63. Brewer failed to respond. *See generally* docket. Moreover, the Clerk's Notice concerning the Motion for Summary Judgement has been returned by the United States Post Office as undeliverable. Doc. 65. Thus, it appears that Brewer has also failed to keep the Court apprised of her current address, in violation of the Local Rules. *See* S.D. Ga. L. Civ. R. 11.1 ("Each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change.").

The Clerk of Court issued a Notice that informed Brewer that her response to the Defendant's Motion for Summary Judgment was due no later than June 11, 2024. *See* doc. 64 at 1; *see also* S.D. Ga. L. Civ. R. 7.5. The Notice expressly warned Brewer that failure to respond could result in the termination of her case. *See* doc. 64 at 1 ("If you do not respond as directed in this Notice, the Court may enter a final judgment against you without a full trial or any other proceedings."). Despite the Notice and its warning, Brewer has not responded. *See generally* docket. Despite her silence, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). This Court, however, has the authority to prune cases from its docket where parties have failed to prosecute their cases. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution). Failure to respond to a motion for summary judgment has been recognized as a failure to prosecute, under Rule 41. *See Wedgeworth v. Corizon Health*, 2013 WL 4791619, at *1 (S.D. Ala. Sept. 6, 2013).

Brewer's apparent failure to comply with the Local Rules and provide the Clerk with a current address provides an additional reason to dismiss this case. Accordingly, this case should be **DISMISSED** for Brewer's failure to prosecute it.[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

---

[1] If Brewer wishes to submit an untimely response to the Motion for Summary Judgment, the fourteen-day objections period, discussed below, affords her an opportunity to do so. If she submits such a response and wishes to proceed with this case, she must also explain why she failed to submit her response timely. Brewer is advised that failure to **both** submit a response to Defendants' Motion **and** sufficiently explain her failure to respond timely may result in dismissal. Finally, she must also provide the Clerk with a current address.

3

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

    **SO REPORTED AND RECOMMENDED,** this 14th day of June, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA